IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

LAURA GALLO-HADLEY                      )
and LBH PROPERTIES, LLC,                )
                                        )
            Plaintiffs,                 )    TC-MD 230133G
                                        )
      v.                                )
                                        )
JACKSON COUNTY ASSESSOR,                )
                                        )    **ORDER DENYING DEFENDANT'S**
            Defendant.                  )    **MOTION TO DISMISS**

This matter came before the court on Defendant's motion to dismiss, made in its Answer.

Defendant alleges Plaintiffs inappropriately relied on the tax roll real market values of other

properties to request a lower real market value, maximum assessed value, and assessed value for

the subject. In their response, Plaintiffs allege the subject's condition and class warrant lowering

its real market value and withdraw their request for a lower maximum assessed value.[1]

Litigants asking this court to change the tax roll must provide evidence sufficient to

sustain the burden of proof. *See* ORS 305.427.[2] In reviewing a property's value, this court acts

"without any presumption as to the correctness of the assessor's valuation." *J. R. Widmer, Inc. v.

Dept. of Rev.*, 261 Or 371, 378, 494 P2d 854 (1972). Because the court cannot assume the tax

roll value for any property is correct when weighing evidence, arguments based on comparison

with other properties' tax roll values are not successful.

Lack of evidence at the pleading stage of a case is not generally grounds for dismissal.

"Complaints need not be accompanied by proof of their allegations, nor must justification for the

---

[1] Plaintiffs request that the subject's "AV" remain the same; from context, it is clear that Plaintiffs mean MAV, or maximum assessed value. If the subject's real market value were lowered below the MAV as Plaintiffs request, the assessed value would be reduced along with it. *See* ORS 308.146(2).

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2021.

value reduction requested be provided in or with the pleading." *Maletis v. Multnomah County Assessor*, TC–MD 180260G, 2018 WL 7247279 at *3 (Or Tax M Div Oct 17, 2018) (internal quotation marks omitted). However, a Complaint requesting relief based on an erroneous legal theory—such as the theory that assessed value and real market value must be maintained in a constant proportion—is subject to dismissal. *Huynh v. Multnomah County Assessor*, TC–MD 190077G, 2019 WL 3546833 at *2 (Or Tax M Div Aug 5, 2019).

In the present case, Plaintiffs have alleged a fact that would warrant relief if proven at trial—namely, that the subject's real market value is too high on the tax roll. Unless that alleged fact is purely the result of an erroneous legal theory, Plaintiffs are entitled to an opportunity to present evidence. *See Maletis*, 2018 WL 7247279 at *3.

In attachments to their Complaint, Plaintiffs develop an estimate of the subject's real market value based on "comparables" drawn from the assessment records, which they call a "market approach." The court cannot rely on that analysis because it presumes the values reflected in the assessment records are correct. *See J. R. Widmer*, 261 Or at 378. Furthermore, Plaintiffs' analysis contains arguments based on the premise that a building with a lower real market value should never pay higher taxes than a building with a higher real market value—a premise that is legally incorrect under the regime initiated by Measure 50.

Although Plaintiffs' "market approach" is faulty, Plaintiffs' Complaint shows they are willing to consider other evidence of value:

> "Per the Jackson County Assessor website calculations for commercial property is determined based on three approaches. *Market Approach*, (the one listed below) is the most viable, although certainly we can look at net income, since it's likely much less than the county thinks. * * *."

(Compl at 6 (emphasis original).) Plaintiffs' suggestion that they "look at net income" differentiates this case from *Huynh* because Plaintiffs' challenge is not exclusively based on a

mistake about the law governing the relation between assessed value and real market value. Furthermore, Plaintiffs' response to the motion to dismiss references characteristics of the subject property that would be relevant in making adjustments for the sales comparison approach. Plaintiffs are attempting to apply the three approaches to value. An imperfect understanding of appraisal methodology is not a bar to litigating in this court, although it may result in falling short of the burden of proof at trial.

If this case were to proceed to trial, the parties would have the chance to present better evidence of the subject's real market value—quantitative evidence based directly on market activity rather than on assessment records. Before setting a trial, the court affords the parties time to gather additional evidence (perhaps through a site inspection by appraisers) and to confer about a possible settlement. Now, therefore,

IT IS ORDERED that Defendant's motion to dismiss is hereby denied.

IT IS FURTHER ORDERED that the parties shall confer about the subject's real market value and file a signed agreement or a status report proposing three mutually agreed trial dates by October 31, 2023.

Dated this _____ day of September 2023.

_____
POUL F. LUNDGREN
MAGISTRATE

**This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.**

*This document was signed by Magistrate Poul F. Lundgren and entered on September 25, 2023.*